UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

**CHUCK HARTMAN**, an individual,

Plaintiff,

v.

**MICHIGAN NORTH WOODS CLUB,**
A Foreign Nonprofit Corporation,

Defendant.

Case No.
Hon.

---

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

---

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through his attorneys at the Avanti Law Group, PLLC, and in his Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendant's willful and knowing violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. § 408.411 *et seq.* and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. § 408.931 *et seq*.

2. During the period of the parties' employment relationship, Defendant failed to pay Plaintiff the minimum wage for all hours worked.

3. During the period of the parties' employment relationship, Defendant failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

4. Plaintiff seeks a declaration that his rights were violated, an award of unpaid minimum and overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1391.

7. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

8. Defendant's employees were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

9. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

10. Defendant's corporation's annual sales exceed $500,000, and Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis.

11. Defendant Michigan North Woods Club is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Ishpeming, Michigan, within the United States Judicial District of the Western District of Michigan.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

13. Plaintiff Chuck Hartman (hereinafter referred to as "Hartman") is an individual who at all times relevant to this complaint resided in the County of Marquette, State of Michigan, and whose consent to sue is attached as *Exhibit A*.

14. Defendant Michigan North Woods Club (hereinafter referred to as "MNWC") is a Foreign Nonprofit Corporation (based in Illinois) whose registered office is located at 64500 County Road 581 Ishpeming, Michigan. *Exhibit B*.

15. Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

16. Plaintiff worked for Defendant as a general laborer from May of 2008 to April 26, 2021.

17. Plaintiff's position was a Caretaker for the premises of the Defendant's Club in Ishpeming, Michigan.

18. Plaintiff was compensated an annual salary of $53,523 at the end of his employment, regardless of the amount of hours worked.

19. Plaintiff received two raises since starting in 2008 for the cost of living, his starting salary was $39,600 in 2008.

20. Plaintiff's job consisted of about 90% manual labor including: taking care of all the buildings on the property, plowing the roads in the winter, grading the roads, and maintaining the trails and dams on the property as well as any tasks as assigned by the individual owners and/or his supervisor. (See Exhibit C - Exhibit A Caretaker Worklist and General Duties)

21. Defendants purchased equipment from Illinois, which Plaintiff used for his duties as the caretaker of the club.

22. The small portion of Plaintiff's job that was not manual labor included: creating weekly reports of the work he completed, responding to emails, and answering phone calls from members of the club.

23. Plaintiff was the only caretaker of the property and did not direct the work of any other employees.

24. Plaintiff was required to be available 7 am to 9 pm, seven days a week, but was seemingly also expected to be available any time outside of those hours if a member of the club needed some task completed.

25. Plaintiff was required to be available to work 24/7.

26. Plaintiff lived in a house on the property of the club.

27. No matter the time of day or circumstances, Plaintiff was required to answer members' phone calls or answer the door if they showed up at his house.

28. Plaintiff worked an average of 60-70 hours a week, not counting the hours he was to be available to members.

29. At times, Plaintiff would be required to work up to 40 days in a row without a day off.

30. Plaintiff was entitled to 21 days of paid vacation days, although he was extremely restricted on when he was allowed to use those days.

31. Plaintiff was required to be at the Club on all major holidays.

32. Plaintiff gave Defendant a 90 day notice of resignation on January 26, 2021.

33. Plaintiff's last day of employment was April 26, 2021.

34. Plaintiff was not compensated for all hours worked per workweek.

35. Plaintiff was not compensated at a rate no less than one and one half his regular hourly rate for hours worked over forty (40) in a workweek.

36. Defendant did not compensate Plaintiff for all hours worked as required by the FLSA.

37. Defendant did not compensate Plaintiff for all hours worked as required by the MWOWA.

38. Defendant did not compensate Plaintiff for all hours worked as required by the IWOWA.

39. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

40. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the MWOWA.

41. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## **WILLFUL VIOLATIONS OF THE FLSA**

42. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory minimum wage and overtime rate of

one and one-half for all hours worked in excess of forty (40) hours per week, when Defendant knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff.

43. Defendant is a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

44. Defendant utilized it's business to subvert their obligations under state and federal law.

45. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY OVERTIME

46. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

47. At all relevant times, Defendant has been an "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

48. At all relevant times, Plaintiff was an "employee" of Defendant as the term is defined under the FLSA.

49. At all times relevant to this action, Defendant "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

50. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. §206.

51. By failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

52. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek.

53. Defendant's violations of the FLSA were knowing and willful.

54. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

55. As a result of Defendant's violation, Plaintiff is entitled to his unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### COUNT II
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

56. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

57. At all relevant times to this action, Defendant has been an "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

58. At all relevant times, Plaintiff was an "employee" of Defendant as the term is defined under the FLSA.

59. At all times relevant to this action, Defendant "suffered or permitted" the Plaintiffs to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

60. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

61. Defendant failed to compensate Plaintiff at the required minimum wage for all hours worked.

62. As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### COUNT III
### VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.411 et seq., AND IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 et seq.,

### FAILURE TO PAY MINIMUM WAGE

63. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

64. The Michigan's Workforce Opportunity Wage Act ("MWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.411, *et seq*.

65. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

66. At all relevant times, Defendant has been an "employer[s]" within the meaning of the MWOWA, M.C.L. § 408.411, *et seq*.

67. At all relevant times, Defendant has been an "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

68. At all relevant times, Plaintiff was an "employee" within the meaning of the MWOWA, M.C.L. § 408.411, *et seq*.

69. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

70. The MWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.414.

71. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931

72. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendant has violated the MWOWA, M.C.L. § 408.411, *et seq*.

73. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendant has violated the IWOWA, M.C.L. § 408.931, *et seq*.

74. As a result of Defendant's violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendant complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B.     The actions of the Defendant complained of herein be adjudicated, decreed, and declared a breach of their obligations under the MWOWA and IWOWA;

C.     Defendant be ordered to pay Plaintiff his unpaid wages together with an equal amount in liquidated damages;

D.     Defendant be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E.     Defendant be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the MWOWA and IWOWA; and

F.     The Court grants such other and further relief as the Court may deem just or equitable.

Dated: July 9, 2021                                                      Respectfully Submitted,

                                                                        */s/   Robert Anthony Alvarez*
                                                                        Robert Anthony Alvarez (P66954)
                                                                        Attorney for Plaintiff
                                                                        Avanti Law Group. PLLC


## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff Chuck Hartman, by and through his attorney, hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 9, 2021                                                      Respectfully Submitted,

                                                                        */s/   Robert Anthony Alvarez*            .
                                                                        Robert Anthony Alvarez (P66954)
                                                                        Attorney for Plaintiff
                                                                        Avanti Law Group. PLLC
                                                                        600 28th Street SW
                                                                        Wyoming, MI 49509
                                                                        (616) 257-6807
                                                                        ralvarez@avantilaw.com

## VERIFICATION

I declare under the penalty of perjury under the laws of the United States of America that the statements outlined above in my Original Complaint are true and correct.

Date: _____Jul 07 2021_____

_____*Chuck Hartman*_____
Signature

_____Chuck Hartman_____
Printed Name